IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| LINDA VANDEUSEN;  ) <br> ADVOCATES FOR DISABLED  ) <br> AMERICANS (AFDA),  ) <br>       ) <br>        Plaintiffs,  ) <br>       ) <br>         v.  ) <br>       ) <br> MARCIA ADAMS, in her official capacity  ) <br> as Acting Director of the South Carolina  ) <br> Department of Motor Vehicles,  ) <br>       ) <br>        Defendant.  ) <br> _____ ) | Civil Action No. 3:06-CV-1092-MBS <br><br><br><br><br><br> **ORDER and OPINION** |

Plaintiff Linda Vandeusen has "dystonia musculorum deformans, a rare neuromuscular disease," which requires that she use a wheelchair. Pl. Interrogatory Answer. On April 7, 2006, Plaintiff Linda Vandeusen ("Vandeusen") and Advocates for Disabled Americans ("AFDA") (hereinafter "Plaintiffs") filed this action against Marcia Adams ("Defendant"), in her official capacity as Acting Director of the South Carolina Department of Motor Vehicles ("DMV"). Plaintiffs claim the DMV facility on Shop Road in Columbia, South Carolina is not accessible to the disabled in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; and Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791 et seq. The DMV facility on Shop Road was designed in 1989, became operational in 1991, and has not been altered since its original construction. Vandeusen visited the Shop Road facility "on many occasions," including trips on August 30, 2005 and sometime in December 2005, purportedly because the Shop Road

1

branch was en route to her husband's residence in an assisted-living facility. Plaintiffs seek injunctive relief, attorney's fees, and costs.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On March 22, 2007, Defendant filed a motion for summary judgment and a motion to dismiss AFDA as a party to the case. See Fed. R. Civ. P. 56. On April 30, 2007, Plaintiffs responded. On May 17, 2007, Defendant replied, and on May 24, 2007, Plaintiffs filed a surreply.

On July 31, 2007, the Magistrate Judge filed a Report and Recommendation recommending that Defendant's motions be granted. On August 17, 2007, Plaintiffs objected to the Magistrate Judge's Report. On August 21, 2007, Plaintiffs filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. On August 29, 2007, Defendant responded to Plaintiffs' Objections to the Report and Recommendation, and on September 7, 2007, Defendant responded to Plaintiffs' motion to dismiss. On September 12, 2007, Plaintiffs replied to Defendant's response, and on September 17, 2007, Plaintiffs replied to Defendant's response to their motion to dismiss.

This matter is now before the court on the Defendant's motion for summary judgment, Defendant's motion to dismiss, and Plaintiffs' motion to dismiss. The threshold issue is Plaintiffs' assertion that Vandeusen no longer has standing to sue under the ADA and Rehabilitation Act. The standing issue forms the basis of Plaintiffs' motion to dismiss for lack of subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998) (holding that a federal court generally must resolve jurisdictional concerns before proceeding to the merits).

branch was en route to her husband's residence in an assisted-living facility. Plaintiffs seek injunctive relief, attorney's fees, and costs.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On March 22, 2007, Defendant filed a motion for summary judgment and a motion to dismiss AFDA as a party to the case. See Fed. R. Civ. P. 56. On April 30, 2007, Plaintiffs responded. On May 17, 2007, Defendant replied, and on May 24, 2007, Plaintiffs filed a surreply.

On July 31, 2007, the Magistrate Judge filed a Report and Recommendation recommending that Defendant's motions be granted. On August 17, 2007, Plaintiffs objected to the Magistrate Judge's Report. On August 21, 2007, Plaintiffs filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. On August 29, 2007, Defendant responded to Plaintiffs' Objections to the Report and Recommendation, and on September 7, 2007, Defendant responded to Plaintiffs' motion to dismiss. On September 12, 2007, Plaintiffs replied to Defendant's response, and on September 17, 2007, Plaintiffs replied to Defendant's response to their motion to dismiss.

This matter is now before the court on the Defendant's motion for summary judgment, Defendant's motion to dismiss, and Plaintiffs' motion to dismiss. The threshold issue is Plaintiffs' assertion that Vandeusen no longer has standing to sue under the ADA and Rehabilitation Act. The standing issue forms the basis of Plaintiffs' motion to dismiss for lack of subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998) (holding that a federal court generally must resolve jurisdictional concerns before proceeding to the merits).

DISCUSSION

Plaintiffs allege that, due to the death of Vandeusen's husband, she has decided not to return to the Shop Road facility and she therefore no longer has standing to bring these claims.[1]  Because Vandeusen has already established standing, the justiciability doctrine the court must consider in her case is not standing, but mootness.  The Supreme Court has defined mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."  U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)).  If a plaintiff loses standing during the course of litigation, her case becomes moot.  See Church of Scientology of Cal. v. U.S., 506 U.S. 9, 12 (1992).

A plaintiff asserting ADA and Rehabilitation Act claims has standing to bring a claim for injunctive relief only if he or she "can show a plausible intention or desire to return to the place of the injury but for the barriers to access."  Holt v. American City Diner, Inc., No. 05-1745, 2007 WL 1438489, *6 (D.D.C. May 15, 2007).  Vandeusen has sworn that she will not return to the Shop Road DMV facility, and the court accepts her statement as true.  Plaintiffs' claims are therefore moot.[2]

---

[1] The Magistrate Judge found that AFDA lacked either organizational or representational standing to sue under the ADA and Rehabilitation Act.  Accordingly, the Magistrate Judge recommended that AFDA be dismissed as a party.  Plaintiffs did not challenge this finding in their objections to the Magistrate Judge's Report.  In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation.  Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The court adopts the Magistrate Judge's finding that AFDA did not have standing to sue under the ADA and Rehabilitation Act.  AFDA is dismissed.

[2] There are five recognized exceptions to the mootness doctrine, and none appears to apply to this case.  See Sibron v. New York, 392 U.S. 40, 53 (1968) (holding that a case is not moot if

Defendant asserts that Plaintiffs filed their Motion to Dismiss in an attempt to avoid an adverse judgment on the merits. Defendant argues that the court should invoke the doctrine of judicial estoppel to preclude Plaintiff from "playing fast and loose" with the judicial system.[3] See Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996). Judicial estoppel is an equitable doctrine which precludes a party "from adopting a legal position in conflict with one earlier taken in the same or related litigation." Colleton Reg. Hosp. v. NRS Med. Review Sys., Inc., 866 F. Supp. 896, 900 (D.S.C. 1994) (quoting Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir. 1982)).

Judicial estoppel is inapplicable to questions of subject matter jurisdiction. See Ins. Corp. of Ireland v. Bauxites de Guinee, 456 U.S. 694, 702 (1982). "Mootness must be examined by the

---

the plaintiff may suffer secondary or "collateral" injuries); Southern Pac. Terminal Co. v. ICC, 219 U.S. 498, 514-15 (1911) (holding that a case is not moot if the issue involves a wrong "capable of repetition, but evading review"); Friends of the Earth, Inc. v. Laidlaw, 528 U.S. 167, 173 (2000) (holding that a case is not moot if the defendant voluntarily ceases an allegedly illegal practice but is now free to resume it at any time); and Sosna v. Iowa, 419 U.S. 393, 399 (1975) (holding that a properly certified class action suit is not moot even though the class representative's claim is moot).

[3] Even if judicial estoppel were an available remedy, it is not clear that it would apply under these circumstances. The determination of whether to apply judicial estoppel is a three-part inquiry: First, a party's later position must be "clearly inconsistent" with its earlier position; second, the party must have succeeded in persuading a court to accept its earlier position; and third, the court must consider whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. New Hampshire v. Maine, 532 U.S. 742, 749 (2001). Although the first two elements would be satisfied in this case, it is not apparent that Plaintiffs would derive an unfair advantage or Defendants would suffer an unfair detriment. Plaintiffs, having had an opportunity to litigate the question of standing in this case, may not reopen that question in a later proceeding. It is well-established that principles of res judicata and collateral estoppel apply to standing determinations. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 546 U.S. 694, 702 n.9 (1982) (citing Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371 (1940)); Fulani v. Bentsen, 862 F. Supp. 1140, 1151 (S.D.N.Y. 1994) (holding plaintiffs are collaterally estopped from relitigating the standing issue already decided).

court on its own and courts have generally refused to resort to principles of judicial estoppel to prevent a party from 'switching sides' on the issue of jurisdiction." <u>Whiting v. Krassner</u>, 391 F.3d 540, 544 (3$^\text{d}$ Cir. 2004).

## CONCLUSION

For the reasons stated, the court hereby grants Plaintiffs' motion to dismiss. All other motions by the parties to this case are deemed moot.

IT IS SO ORDERED.

s/Margaret B. Seymour<br>
Margaret B. Seymour<br>
United States District Judge

September 28, 2007
Columbia, South Carolina

5